IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | Criminal No. 19-283 |
| CAMERON NEWTON, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Pending before the court is a motion to reduce sentence (ECF No. 57) filed pro se by defendant Cameron Newton ("Newton"). Newton's motion was forwarded to the public defender's office, which declined to file a motion on his behalf. Upon learning that a counseled motion would not be filed, the court ordered a response from the government. The government filed a response, opposing the motion. (ECF No. 60). The motion is ripe for disposition.

On October 18, 2019, Newton pleaded guilty to Count 1 of the indictment at criminal action number 19-283, which charged him with possession with intent to distribute a quantity of fentanyl and heroin. The guilty plea was entered pursuant to a Rule 11(c)(1)(C) plea agreement. In the plea agreement Newton, among other things, stipulated that "[the victim's] death resulted from use of the heroin and fentanyl distributed to him by Cameron Newton." Plea Agreement ¶ C(5). Newton also agreed that he would not file a motion seeking relief under 18 U.S.C. § 3582(C)(2) if the sentencing guidelines were subsequently lowered. Plea Agreement ¶ C(4).

Pursuant to Rule 11(c)(1)(C), the parties stipulated and agreed that the appropriate sentence in this case is a term of imprisonment of 8 years; a fine, if any, in an amount to be determined by the Court; a term of supervised release of 3 years, and a special assessment of

$100. Defendant also agreed to pay restitution to the victim's family.

Newton obtained substantial benefits from the plea agreement. Newton could have been charged with distributing fentanyl that resulted in the death of a user. If convicted, Newton faced a mandatory minimum term of imprisonment of 20 years.

In the Presentence Investigation Report ("PIR") (ECF No. 26), Newton's criminal history category was II. The advisory guideline range calculated in the PIR and the court's tentative findings and rulings, was 8-14 months in prison. At the sentencing hearing, the court adopted the PIR and its tentative findings and ruling, to which the parties did not object, accepted the parties' plea agreement and imposed the agreed-upon term of imprisonment of 8 years, which was much higher than the advisory range calculated under the guidelines.

Discussion

Newton argues that his sentence should be reduced because he was 18 years old at the time he committed the offense. Although Newton refers to recent changes to the sentencing guidelines, he does not identify any change that is applicable to him. The court is unaware of any amendment that would affect Newton's sentence.

The government argues that the motion should be dismissed for numerous reasons: (1) lack of jurisdiction; (2) the terms of Newton's plea agreement; (3) failure to exhaust his administrative remedies; and (4) on the merits, Newton's sentence was appropriate. The court need not address all these contentions.

The court agrees with the government that it lacks jurisdiction over Newton's motion. As explained in *United States v. Lewis*, No. CR 22-195, 2024 WL 3414245 (W.D. Pa. July 15,

2024):

> "[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.' ") (quoting 18 U.S.C. § 3582(c)).

*Id.* at *3.

The statute which provides authority to modify a sentence after it was imposed, 18 U.S.C. § 3582(c), provides as follows:

> (c) Modification of an imposed term of imprisonment.--The court **may not modify** a term of imprisonment once it has been imposed **except** that—
>
> (1) in any case--
> (A) the court, **upon motion of the Director of the Bureau of Prisons**, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights** to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) **extraordinary and compelling reasons** warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> **and that such a reduction is consistent with applicable policy statements** issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment

> **based on a sentencing range that has subsequently been lowered** by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Newton's motion does not fall within any of the statutorily authorized exceptions to finality. Section 3582(c)(1) does not apply because there is no motion from the Director of the Bureau of Prisons or evidence that Newton exhausted all his administrative remedies. Newton did not point to any extraordinary and compelling reasons for a reduction. Section 3582(c)(2) does not apply because Newton did not demonstrate that his prison term was "based on a sentencing range that has subsequently been lowered." In addition, Newton promised in the plea agreement to not file a motion under § 3582(c)(2). Accordingly, Newton's motion will be dismissed for lack of jurisdiction.

In any event, Newton would not be entitled to relief because "the Guidelines range was not 'a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement.'" *Hughes v. United States*, 584 U.S. 675, 687 (2018). Newton was sentenced to a large upward variance based on the death of the user. The court is aware that in *Hughes*, the Supreme Court commented: "in the usual case the court's acceptance of a Type–C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range." *Id.* This, however, was not the "usual case." The overriding factor was that Newton's conduct resulted in the death of a user. The government agreed, as part of the plea agreement, to indict Newton for a lesser offense that did not reflect that conduct.

The advisory guideline, therefore, was not a fair description of the actual offense. Newton's sentence was driven by the parties' Rule 11(c)(1)(C) plea agreement about what the appropriate sentence should be, which was accepted by the court.

Conclusion

For the reasons set forth above, the motion to reduce sentence (ECF No. 57) will be denied.

An appropriate order will be entered.

By the court,

Date: December 5, 2024

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge